IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DANIEL D. MOSHER,                          )
                                           )
                    Plaintiff,             )
                                           )   CIVIL ACTION
v.                                         )
                                           )   No. 06-2001-KHV-JTR
                                           )
JO ANNE B. BARNHART,                       )
Commissioner of Social Security,          )
                                           )
                    Defendant.             )
_____)


REPORT AND RECOMMENDATION

Plaintiff seeks review of a final decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). The matter has been referred to this court for a report and recommendation. The court recommends the Commissioner's decision be REVERSED and the case be REMANDED for proceedings consistent with this opinion.

I.   **Background**

Plaintiff's applications for disability insurance benefits were denied initially and upon reconsideration. (R. 32, 59-62). Plaintiff sought and was given a hearing before an Administrative Law Judge (ALJ). Plaintiff was represented by an attorney at the

hearing, and testimony was taken from plaintiff, his wife, and a vocational expert. (R. 32, 607-39). The ALJ issued a decision dated May 10, 2004 in which he found plaintiff not disabled within the meaning of the Act, and denied his applications. (R. 32-43). Specifically, the ALJ found that plaintiff has a severe combination of impairments which does not meet or equal the severity or an impairment listed in the Listing of Impairments, but which prevents performance of plaintiff's past relevant work. He determined that plaintiff is capable of performing other work existing in the economy and is, therefore, not disabled. Consequently, he denied plaintiff's application for disability insurance benefits and refused to reopen an earlier application.

Plaintiff sought review by the Appeals Council (R. 11-28) and submitted additional evidence to the Council consisting of an opinion letter from Dr. John K. Eplee, and three opinion letters and two progress notes concerning office visits on Mar. 10, 2003 and July 9, 2004 from Dr. Dina J. Seibert. (R. 598-606). On Nov. 1, 2005, the Appeals Council issued an order making the additional evidence a part of the administrative record in plaintiff's case (R. 10) and notified plaintiff of its decision to deny review. (R. 7-9). Therefore, the ALJ decision is the final decision of the Commissioner. (R. 7); Threet v. Barnhart, 353 F.3d 1185, 1187 (10th Cir. 2003). Plaintiff now seeks judicial review.

-2-

## II.  Legal Standard

The court's review is guided by the Act.  42 U.S.C. § 405(g).  "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  Id. The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support the conclusion.  Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency."  White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 800 (10th Cir. 1991)).  The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of

at least twelve months.  42 U.S.C. § 423(d); see also, Barnhart
v. Walton, 535 U.S. 212, 217-22 (2002)(both impairment and
inability to work must last twelve months).  The claimant's
impairments must be of such severity that he is not only unable
to perform his past relevant work, but cannot, considering his
age, education, and work experience, engage in any other
substantial gainful work existing in the national economy.  Id.;
20 C.F.R. § 404.1520 (2004).

The Commissioner has established a five-step sequential
process to evaluate whether a claimant is disabled.  20 C.F.R.
§ 404.1520; Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir.
2004); Ray, 865 F.2d at 224.  "If a determination can be made at
any of the steps that a claimant is or is not disabled,
evaluation under a subsequent step is not necessary."  Williams
v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines
whether claimant has engaged in substantial gainful activity
since the alleged onset, whether he has severe impairments, and
whether the severity of his impairments meets or equals the
Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).
Id. at 750-51.  If claimant's impairments do not meet or equal
the severity of a listed impairment, the Commissioner assesses
claimant's RFC.  20 C.F.R. § 404.1520.  This assessment is used
at both step four and step five of the process.  Id.

-4-

After assessing claimant's RFC, the Commissioner evaluates steps four and five, whether the claimant can perform his past relevant work, and whether he is able to perform other work in the economy. <u>Williams</u>, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. <u>Dikeman v. Halter</u>, 245 F.3d 1182, 1184 (10th Cir. 2001); <u>Williams</u>, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show other jobs in the economy within plaintiff's capacity. <u>Id.</u>; <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims "the decision of the <u>Appeals Council</u> is without factual support" (Pl. Br., 6)(emphasis in original) and argues that the Appeals Council failed to give reasons for discounting the opinions of Drs. Eplee and Seibert and, therefore, those opinions must be accepted as true (Pl. Br., 8) and the court must "disregard the decision below, and rely instead upon the opinions of the treating physicians." (Pl. Br., 11). Plaintiff claims the court should remand for an immediate award of benefits. <u>Id.</u> The Commissioner argues that, although the Appeals Council did not expressly analyze the new evidence, it found that the evidence did not provide a basis for changing the ALJ's decision, and made the evidence a part of the record the court uses to evaluate the decision below. (Comm'r Br., 5). She argues that because the new evidence was obtained after the

-5-

ALJ's decision, the evidence is of little evidentiary value.
Id., 5-6. She explains that, in her view, the record evidence
supports the ALJ's finding that plaintiff's mental impairment
does not meet or equal a listed impairment. (Comm'r Br., 7-9).

## III. The Issue Presented

The regulations provide for consideration of new evidence
presented to the Appeals Council.

> If new and material evidence is submitted, the Appeals
> Council shall consider the additional evidence only
> where it relates to the period on or before the date of
> the administrative law judge hearing decision. The
> Appeals Council shall evaluate the entire record
> including the new and material evidence submitted if it
> relates to the period on or before the date of the
> administrative law judge hearing decision. It will
> then review the case if it finds that the
> administrative law judge's action, findings, or
> conclusion is contrary to the weight of the evidence
> currently of record.

20 C.F.R. § 404.970(b). The regulations also provide that

> If you submit evidence which does not relate to the
> period on or before the date of the administrative law
> judge hearing decision, the Appeals Council will return
> the additional evidence to you with an explanation as
> to why it did not accept the additional evidence.

Id. § 404.976(b). Here, the Appeals Council accepted the new
evidence and made it a part of the administrative record. (R. 7,
10). The court interprets these facts "as an implicit
determination [plaintiff] had submitted qualifying new evidence
for consideration." Martinez v. Barnhart, 444 F.3d 1201, 1207
(10th Cir. 2006). Such evidence, made a part of the
administrative record by the Appeals Council, will be considered

-6-

by the District Court in its review of the Commissioner's decision.  O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994).

The court is not persuaded by the Commissioner's argument that the additional evidence accepted by the Appeals Council should carry less weight because plaintiff went shopping for new evidence to support his position after the ALJ made a decision. As the Commissioner points out, this court has noted that reports obtained subsequent to the ALJ's decision might "carry less weight persuasively" than reports included in the administrative record.  Heimerman v. Chater, 939 F. Supp. 832, 834 (D. Kan. 1996)(Reid, Mag. J., in Rep. & Recommendation adopted by Dist. Ct.).  However, in Heimerman the court was considering plaintiff's motion (made pursuant to sentence six of 42 U.S.C. § 405(g)) for remand to consider new evidence.  Id. at 833.  The issue in such a case is whether there is new, material evidence for which there is good cause for the failure to provide the evidence in the administrative proceedings below.  Id. at 833-34; see also, 42 U.S.C. § 405(g)(sentence six).  In Heimerman, the new evidence was presented for the first time to the court and had not been made a part of the administrative record by the Appeals Council.  In this case, the evidence was presented to the Appeals Council and the Council determined that the evidence is new and material and chronologically relevant.  (R. 11-26); 20 C.F.R. §§ 404.970(b), 404.976(b).  The evidence was made a part

of the administrative record by order of the Appeals Council (R. 10), and the court must include the evidence in its review of the Commissioner's decision.  <u>O'Dell</u>, 44 F.3d at 859.  The court may not reweigh the evidence.  <u>White</u>, 287 F.3d at 905.

The court finds that in denying review the Council did not ignore the treating physicians' opinions.  Plaintiff's argument that the Appeals Council "failed to even <u>mention</u> the evidence that had been submitted," (Pl. Br., 8)(emphasis in original) misunderstands the "Notice of Appeals Council Action."  (R. 7-9). The Appeals Council stated it considered the additional evidence and found the evidence does not provide a basis to change the ALJ's decision.  (R. 7-8).  The Council noted that in the decision the ALJ had considered a medical opinion that plaintiff is disabled,[1] but that plaintiff presented no "additional clinical evidence" to the Council to support the opinions of disability.  (R. 8).  These statements reflect the Appeals Council's determination that the physicians' opinions presented as additional evidence are not supported by the physicians' treatment records or the record as a whole.  The Council did not ignore the opinions, it found them unworthy of acceptance.

Therefore, the remaining question presented for the court is whether the Commissioner applied the correct legal standard to

---

[1]The court notes the Council was referring to the ALJ's consideration of Dr. Eplee's Jun. 25, 2001 opinion that plaintiff was permanently disabled.  (R. 36).

-8-

evaluate the opinions of Drs. Eplee and Seibert and whether the Commissioner's decision to discount those opinions is supported by substantial evidence in the record.

## IV.  Evaluation of Medical Opinions

### A.  Standard for Evaluating Medical Opinions

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis."  20 C.F.R. § 404.1527(a)(2).  Such opinions may not be ignored and, unless a treating source opinion is given controlling weight, will be evaluated by the Commissioner in accordance with certain factors contained in the regulations. Id. § 404.1527(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2006).

A physician who has treated a patient frequently over an extended period of time is expected to have greater insight into the patient's medical condition than other physicians.  Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003).  But, "the opinion of an examining physician who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion."  Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)).  However, opinions of examining physicians are generally given more weight than the

-9-

opinions of physicians who have merely reviewed the medical record.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

"If [the Commissioner] find[s] that a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) [(1)] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and [(2)] is not inconsistent with the other substantial evidence in [claimant's] case record, [the Commissioner] will give it controlling weight."  20 C.F.R. § 404.1527(d)(2); see also, SSR 96-2p, West's Soc. Sec. Reporting Serv., Rulings 111-15 (Supp. 2006).  The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003).  The ALJ determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" Id. at 1300 (quoting SSR 96-2p).  If the opinion is well-supported, the ALJ must determine whether the opinion is consistent with other substantial evidence in the record.  Id. (citing SSR 96-2p).  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

If the treating source opinion is not given controlling weight, the inquiry does not end.  Id.  A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527"  Id.  Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1301; 20 C.F.R. § 404.1527(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Serv., 52 F.3d 288, 290 (10th Cir. 1995)).

After considering the factors, the ALJ must give reasons in the decision for the weight he gives the treating source opinion. Id. 350 F.3d at 1301.  "Finally, if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so."  Id.  (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

**B.**   **Discussion**

The ALJ summarized the medical evidence provided by numerous doctors and a therapist:[2]  Dr. Stone, Dr. Mora, Dr. Verstraete, Dr. Chamberlin, Dr. Stockwell, Dr. Eplee, Dr. Goering, Dr. Coleman, Dr. Mintz, Dr. Blum, Dr. Warrander, Dr. Collins, and Mr. Bonner.  (R. 34-38).  The record reveals that plaintiff was treated on a relatively continuing basis by Drs. Stone and Eplee and Mr. Bonner, and was referred by Dr. Stone for an evaluation by Dr. Mora.  (R. 301-29, 337-49, 384-457, 458-517, 519-24, 525).  Consultative examinations were performed for the Commissioner by Drs. Verstraete, Chamberlin, and Mintz.  (R. 278-80, 281-84, 562-66, 567-71).  And, Drs. Stockwell, Goering, Coleman, Blum, Warrender, and Collins reviewed the record and stated opinions for the agency.  (R. 293-300, 321-36, 537-46, 572-77).

Dr. Eplee opined that plaintiff is permanently disabled. (R. 36).  The ALJ determined Dr. Eplee's opinion could not be given controlling weight, and gave three reasons for that determination:  First, plaintiff "was struggling with prescription drug abuse at the time Dr. Eplee rendered his opinion," and "may have been exaggerating his symptoms . . . so that Dr. Eplee would prescribe pain medications."  Id.  Second, Dr. Eplee did not explain what limitations he felt applied to

---

[2]The ALJ did not identify the therapist by name, but the record reveals him to be Mr. Timothy J. Bonner, LMLP.  (R. 519-24).

plaintiff.  Finally, the ALJ noted that the issue of disability is reserved to the Commissioner.  Id.

Notably lacking from the decision is any discussion of the weight actually given to any of the opinions expressed by the various doctors.  Even regarding Dr. Eplee's opinion, the ALJ stated it would not be given controlling weight, but did not specify what lesser weight, if any, it should be given.  Here, the ALJ summarized the medical evidence, stated that Dr. Eplee's opinion is not entitled to controlling weight, evaluated the credibility of plaintiff's allegations, and stated his RFC assessment based upon "[h]aving considered the evidence of record most carefully." (R. 41).  However, he did not explain the weight to be given the medical opinions and did not explain how the evidence, especially the medical evidence, leads to the RFC assessment reached.  All of the analysis was made in the ALJ's mind, making his decision unreviewable by the court.  The ALJ "did not connect the dots, so to speak," between the evidence he summarized and the conclusion he reached.  Kency v. Barnhart, No. 03-1190-MLB, slip op. at 7, (D. Kan. Nov. 16, 2004).

Because the ALJ's analysis is insufficient to ascertain whether the decision is supported by substantial evidence available for the ALJ's review, it is likewise insufficient to ascertain whether the decision is supported by substantial

evidence when considering the new evidence presented for the first time to the Appeals Council.

The Appeals Council's statement that no additional clinical evidence was provided to support the opinion of disability is not supported by the evidence contained in the record.  The additional evidence accepted by the Appeals Council includes Dr. Seibert's treatment notes which constitute clinical evidence. (R. 603-04).  If the Appeals Council intended to assert that the clinical evidence provided does not support a finding of disability, it did not state what is deficient or lacking in the treatment notes, and the court may not "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004); and SEC v. Chenery Corp., 318 U.S. 80, 87 (1943)); see also, Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985).  Remand is therefore necessary for the Commissioner to properly evaluate the medical opinions and explain the weight given.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED and JUDGMENT be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case to the

Commissioner for further proceedings in accordance with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 19th day of January 2007, at Wichita, Kansas.

s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**

-15-