# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DANIEL D. MOSHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2001-KHV |
| **MICHAEL J. ASTRUE,**[1] ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## ORDER

Daniel D. Mosher appeals the final decision of the Commissioner of Social Security to deny disability insurance benefits. On January 19, 2007, Magistrate Judge John T. Reid recommended that the Commissioner's decision be reversed and that the case be remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). See Report And Recommendation (Doc. #15). This matter is before the Court on Defendant's Objection To Magistrate's Report And Recommendation With Suggestions In Support (Doc. #16) filed February 2, 2007. For reasons stated below, the Court overrules defendant's objection and adopts the magistrate judge's report and recommendation as follows.

Defendant argues that the Court should not adopt the magistrate's recommendation because (1) the magistrate based his recommendation to remand on an issue not raised in plaintiff's brief; (2) the magistrate improperly recommended remand based on Appeals Council findings which are not subject to judicial review; and (3) the magistrate did not evaluate whether the Commissioner's

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart as defendant in this suit.

final decision was supported by substantial evidence.

## Analysis

### I. Issues Not Raised By Plaintiff

Defendant objects that the magistrate based his decision on an issue not raised in plaintiff's brief: whether the ALJ properly articulated how he weighed the opinion of the treating physician. Plaintiff correctly notes that he raised this issue in his complaint.  See Complaint (Doc. #1) filed January 3, 2006, ¶¶ 12-13 (Commissioner's finding not based on substantial evidence and Commissioner did not accord proper weight to opinions of treating physician).  The Tenth Circuit has not specifically addressed whether the district court can rely on an issue raised in a social security complaint but not specifically addressed in the claimant's brief.[2]  Plaintiff certainly should have raised the issue in his brief.  Because plaintiff raised the issue in his complaint, however, the Court does not believe the magistrate should be precluded from addressing the issue.  See generally 5 U.S.C. § 706 (in reviewing agency action, district court shall review "whole record or those parts of it cited by a party"); 42 U.S.C. § 405(g) (district court has authority to enter judgment based on "pleadings and transcript of the record").  The Court therefore overrules defendant's objection on this ground.

### II. Magistrate Reliance On Appeals Council Findings

Defendant objects that the magistrate improperly recommended remand based on Appeals Council findings which are not subject to judicial review.  The magistrate stated as follows:

---

[2] The Commissioner relies on Berna v. Chater, 101 F.3d 631 (10th Cir. 1996), but Berna only addressed whether a claimant had waived an argument for purposes of appeal an issue which he had not raised in district court.  Berna did not address whether the district court can consider an argument not raised in a claimant's brief but contained in the claimant's complaint.

-2-

> The Appeals Council's statement that no additional clinical evidence was provided to support the opinion of disability is not supported by the evidence contained in the record. The additional evidence accepted by the Appeals Council includes Dr. Seibert's treatment notes which constitute clinical evidence. (R. 603-04). If the Appeals Council intended to assert that the clinical evidence provided does not support a finding of disability, it did not state what is deficient or lacking in the treatment notes, and the court may not "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004); and SEC v. Chenery Corp., 318 U.S. 80, 87 (1943)); see also, Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). Remand is therefore necessary for the Commissioner to properly evaluate the medical opinions and explain the weight given.

Report And Recommendation (Doc. #15) at 14. Defendant argues that to the extent the magistrate recommended remand based on the alleged error by the Appeals Council, such a recommendation is improper because the denial of plaintiff's request for review by the Appeals Council was not the Commissioner's final decision. In context, however, the magistrate's recommendation appears to be based on both the ALJ failure to properly evaluate the opinion of plaintiff's treating physician and the Appeals Council findings on plaintiff's request for review. The Commissioner does not dispute that to the extent Judge Reid relies on the ALJ failure to properly evaluate the opinion of plaintiff's treating physician, his recommendation is sound.[3] The Court therefore adopts the magistrate's report and recommendation to the extent it relies on that ground. The Court therefore need not evaluate whether the magistrate could also rely on the findings of the Appeals Council.

**III.   Magistrate Review Of Commissioner's Final Decision**

Defendant objects that the magistrate did not evaluate whether the Commissioner's final decision was supported by substantial evidence. Defendant maintains that an ALJ's inadequate

---

[3]   As explained above, the Court rejects the Commissioner's argument that the magistrate could not consider this issue because plaintiff did not raise it in his brief.

articulation of a substantive finding is harmless if the Commissioner's decision is nonetheless supported by the record. See Defendant's Objection (Doc. #16) at 5 (citing Fisher-Ross v. Barnhart, 431 F.3d 729, 735 (10th Cir. 2005)). The Commissioner's decision can be upheld on this basis only in the "exceptional circumstance," Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004), where the Court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way," Fischer-Ross, 431 F.3d at 733-34. For substantially the reasons in the magistrate judge's Report And Recommendation (Doc. #15) and Plaintiff's Social Security Brief (Doc. #9), the Court finds that the Commissioner's final decision cannot be affirmed under a harmless error analysis. The Court therefore overrules defendant's objection on this ground.[4]

**IT IS THEREFORE ORDERED** that Defendant's Objection To Magistrate's Report And Recommendation With Suggestions In Support (Doc. #16) filed February 2, 2007 be and hereby is **OVERRULED**. The Court adopts the magistrate judge's report and recommendations as set forth above.

---

[4] In plaintiff's response to the Court's order to show cause why defendant's objection should not be sustained, plaintiff argues that the Court should award plaintiff benefits. See Plaintiff's Brief In Opposition To The Defendant's Objection To Magistrate's Report And Recommendation (Doc. #18) filed March 9, 2007. Plaintiff did not timely object to the magistrate's report and recommendation on the ground that it did not order an immediate award of benefits. See Report And Recommendation (Doc. #15) filed January 19, 2007 at 15 (all objections to be filed within 10 days of report and recommendation; failure to timely file objections deemed waiver of appellate review) (citing Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1114 (10th Cir. 2004)). In any event, the Court overrules plaintiff's request for an immediate award of benefits. When the Court reverses the Commissioner's ruling, it can remand for further proceedings or direct an immediate award of benefits. Talbot v. Heckler, 814 F.2d 1456, 1465 n.6 (10th Cir. 1987). A remand for further proceedings is generally required unless it would serve no purpose. Dollar v. Bowen, 821 F.2d 530, 534 (10th Cir. 1987). In this case, as explained in the magistrate's report and recommendation, further proceedings are necessary.

**IT IS FURTHER ORDERED** that the Commissioner's decision be and hereby is **REVERSED**.  This case is **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings.

Dated this 19th day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
